**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JIMMY SUDBERRY, | : | Case No. 1:26-cv-538 |
| | : | |
| Plaintiff, | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| INSPECTOR GOULD, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff Jimmy Sudberry, an Ohio inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Defendants Inspector Gould and Corrections Officer Yiadom, alleging, first, that Defendant Gould failed to act on his reports regarding Defendant Yiadom's false conduct reports and regarding his insufficient cake portion size, and second, that Defendant Yiadom harasses Plaintiff by filing false conduct reports. (Doc. #1-1, *PageID* #15).  This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #1).  For the reasons below, it is **RECOMMENDED** that Plaintiff's motion (Doc. #1) be **DENIED**.

Congress has restricted a prisoner's right to proceed *in forma pauperis*.  In accordance with § 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court has determined that Plaintiff has at least three "strikes" as contemplated in § 1915(g) due to lawsuits he filed that have been dismissed by this Court and the Northern District of Ohio as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Sudberry v. Ohio Dept. of Rehabilitation and Correction, et al.*, Case No. 1:08-cv-211 (S.D. Ohio) (dismissed May 21, 2008); *Sudberry v. Warden Jackson, et al.*, Case No. 1:10-cv-102 (S.D. Ohio) (dismissed March 4, 2010); *Sudberry v. Allen Oakwood Correctional Institution,* Case No. 3:22-cv-667 (N.D. Ohio) (dismissed March 3, 2023); and *Sudberry v. Warden Stuff, et al.*, Case No. 3:24-cv-502 (N.D. Ohio) (dismissed March 31, 2025).

In view of Plaintiff's four "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."  "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading."  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citations omitted).  To satisfy this exception to the three strikes rule, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). *See also McFadden v. Noeth*, 827 Fed. App'x 20, 25 (2d Cir. 2020) (holding that, "in determining whether 'imminent danger' exists we 'constru[e] [the prisoner's] initial and amended complaints to raise the strongest arguments that they suggest' and analyze whether 'the facts alleged support a finding that he was in imminent danger at the time he filed his

2

*initial* complaint.'") (alterations and emphasis added in original). Neither an assertion of past danger, *Rittner*, 290 F. App'x at 797–98, nor speculative future harm, *Shephard v. Marbley*, 23 F. App'x 491, 492 (6th Cir. 2001), are sufficient to invoke the exception. Moreover, the type of physical injury alleged by a plaintiff must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" under § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

With respect to Plaintiff's claims against Defendants, the Court is unable to discern any facts from Plaintiff's Complaint that plausibly allege he meets the statutory exception set forth in § 1915(g).  In so finding, the Court notes that Plaintiff's Complaint and attached exhibits concern two alleged harms; first, that Plaintiff was served a half slice of cake instead of a full slice, and second, that Defendant Yiadom harassed him through insults and discriminatory behavior that led to false conduct reports. (*See* Doc. #1-1, *PageID* #s 17-40). While a diminished portion of cake would doubtless be upsetting to many sensibilities, it does not implicate "potentially dangerous consequences such as death or severe bodily harm" to trigger the "imminent danger" exception of § 1915(g).  *Id*. at 17-21; *Gresham*, 938 F.3d at 850.

Furthermore, while Plaintiff alleges that Defendant Yiadom threatened to write a ticket and "put [him] in the hole" after he inquired after another inmate's whereabouts, "an allegation that being put 'in the hole' (ostensibly some sort of solitary confinement or restricted housing), without more, does not rise to the level of causing imminent and serious danger." *Oduche-Nwakaihe v. McLaughlin*, No. 3:09-CV-1223, 2010 WL 521134, at *1 (M.D. Pa. Feb. 9, 2010). Plaintiff's other complaints against Defendant Yiadom, spanning multiple encounters—that he was made to tuck in his shirt, take off a hat and coat before going outside, and clean up water droplets from the floor, and that he was yelled at by her—also do not implicate physical injury at all, let alone serious

physical injury. (Doc. #1-1, *PageID* #s 22-40). Finally, Plaintiff does not allege current danger to his person at the time of the Complaint, only outlining past harm which is insufficient to invoke the imminent danger exception. *Rittner*, 290 F. App'x at 797–98.

Accordingly, because Plaintiff fails to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $405 filing fee ($350 filing fee, plus $55 administrative fee) required to commence this action **WITHIN THIRTY DAYS** of the date of the Court's Order adopting this Report and Recommendation, and that the Court advise Plaintiff that his failure to timely pay the full $405 fee within thirty days will result in the dismissal of this action

3. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

June 12, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).